Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiff Marie Cassano*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIE CASSANO,<br><br>       Plaintiff,<br><br>   vs.<br><br>PRINCESS CRUISE LINES, LTD. d/b/a PRINCESS CRUISES, Does 1-5,<br><br>       Defendants. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

MARIE CASSANO ("Plaintiff"), by and through her attorneys NELSON & FRAENKEL, LLP, files this Complaint against Defendant PRINCESS CRUISE LINES, LTD. d/b/a PRINCESS CRUISES, owner and operator of the vessel RUBY PRINCESS. Plaintiff respectfully alleges as follows:

## INTRODUCTION

### A. The Parties

1. At all times material, Plaintiff, MARIE CASSANO , is and was an adult and a resident of California.

2. Defendant PRINCESS CRUISE LINES, LTD. d/b/a PRINCESS CRUISES, was and is a for-profit corporation with its world-wide headquarters, principal address, and principal place of business located in Los Angeles, California.

3. Defendant PRINCESS CRUISE LINES, LTD. d/b/a PRINCESS CRUISES, will be henceforth referred throughout this Complaint as "PCL" or "Defendant"

4. At all times material, PCL was the owner and operator of the vessel RUBY PRINCESS.

### B. Jurisdiction

5. This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000), and Plaintiff is a citizen of a different state than the Defendant.

6. In the alternative, this Court has jurisdiction over Plaintiff's claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

7. Federal admiralty jurisdiction extends to all navigable waters, salt or fresh, with or without tides, natural or artificial, which are in fact navigable. The term 'navigable waters' means a body of water which, in its present configuration, constitutes a highway of commerce, between the states or with foreign countries. *See Complaint of Paradise Holdings, Inc.,* 795 F.2d 756 (9th Cir. 1986) ("To invoke federal admiralty jurisdiction in tort cases, the tort must occur on navigable waters and bear a significant relationship to traditional maritime activity.").

8. At all times material, the Plaintiff's injuries occurred while she was on board a vessel on navigable waters.

### C. Venue

9. Venue is proper in this this district pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391, and because (1) PCL is found and transacts business in this district; (2) PCL maintains a physical presence and its principal place of business in Los Angeles within this district; and (3) The passenger-ticket issued to Plaintiff by PCL contains a

forum selection clause, that PCL asserts requires all claims to be filed in this United States District Court.

### D. Personal Jurisdiction

10. PCL, at all times material hereto, personally or through an agent:
    a. Maintained its principal place of business in this state and county;
    b. Operated, conducted, engaged in or carried on a business venture in this state and or county; and/or;
    c. Was engaged in substantial activity within this state; and/or
    d. Operated vessels in the waters of this state; and/or
    e. Purposefully availed itself of the benefits of conducting activities inC California by directing their activities toward this state, thereby obtaining the benefits and protections of this state's laws.

11. PCL was engaged in the business of providing to the public, and Plaintiff in particular, for compensation, vacation cruises aboard its vessels which travel worldwide.

### GENERAL ALLEGATIONS

12. At all times material hereto, PCL owned, operated, managed, maintained and/or controlled the vessel, RUBY PRINCESS.

13. PCL is a common carrier and Plaintiff's claims of negligence herein fall within the parameters of 46 U.S.C. §30509 prohibitions against disclaimers and/or waivers. The statute's language is broad and unqualified, and it prohibits common carriers from limiting their liability for "personal injury or death caused by negligence or fault of the owner [of the passenger vessel] or the owner's employees or agents." See id. 30509(a)(1)(A).

14. On or about January 7, 2025, Plaintiff was a paying passenger on a PCL cruise ship, RUBY PRINCESS (hereinafter the "SUBJECT CRUISE").

15. On January 7, 2025, Ms. Cassano attended a performance on the ship's theater (hereinafter "SUBJECT THEATER"). During the course of the performance,

her seat suddenly came apart and collapsed, causing her severe and permanent injuries. A photograph of the collapsed seat (hereinafter "SUBJECT CHAIR") is below.



16. As a direct and proximate result of the incident, Plaintiff sustained severe and permanent injuries.

17. Prior to the incident giving rise to this Complaint, PCL crew members, vessel leadership, and PCL corporate officers, saw, should have seen, and had actual or constructive notice of, the propensity of the SUBJECT CHAIR to cause injury to foreseeable users, including Plaintiff, yet failed to take any actions to eliminate the dangerous conditions the SUBJECT CHAIR caused. As a result, Defendant knew about (or should have known by conducting a reasonable inquiry and inspection) of the dangerous conditions on the SUBJECT CHAIR. At all times relevant and material:

    a. Defendant owned, operated, maintained and controlled the SUBJECT THEATER, including its interior components and appurtenances, such as the SUBJECT CHAIR;

    b. Defendant procured the means for passengers to seat at the SUBJECT THEATER, including the SUBJECT CHAIR;

    c. Defendant pre-approved and consented to thousands of passengers attending the SUBJECT THEATER and using the SUBJECT CHAIR.

## COUNT ONE

## FOR NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

18. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-17, and alleges as follows.

19. At all times material, Defendant owed to passengers sitting in the SUBJECT THEATER, including Plaintiff, a duty to exercise reasonable care for their health, welfare, and safety. This duty of care included the duty to warn Plaintiff of dangerous conditions, which Defendant knew or should have known upon reasonable inquiry.

20. Under the General Maritime Law of the United States, Defendant owed Plaintiff a non-delegable duty to provide her safe common areas and amenities, free of hazards.

21. Under the General Maritime Law of the United States, Defendant further owed Plaintiff a duty to warn of known and/or foreseeable dangers in places where passengers are invited or reasonably expected to visit. This duty to warn encompasses dangers which Defendant knows or reasonably should have known about. Constructive notice of a dangerous condition can be inferred by evidence that the condition occurred in the area with sufficient regularity as to be foreseeable.

22. At all times material, Defendant, by and through its agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, undertook to create a dangerous and hazardous condition.

23. At all times material, Defendant, by and through its agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, was negligent, careless and breached its duty of care to the Plaintiff, by committing the following acts and/or omissions, including, but not limited to:

 a. Failing to adequately warn Plaintiff of the dangerous conditions on the subject area; and/or

 b. Failing to adequately warn Plaintiff that the SUBJECT CHAIR had a predisposition to collapse; and/or

 c. Failing to adequately warn Plaintiff that the SUBJECT CHAIR had failed to be adequately maintained and/or inspected; and/or

 d. Failing to adequately warn Plaintiff that the SUBJECT CHAIR had weight limitations incapable of allowing Plaintiff to safely seat; and/or

 e. Any and all other acts or omissions constituting a breach of Defendant's duty to use reasonable care discovered during litigation.

24. At all material times, Defendant had custody and control of the SUBJECT THEATER and SUBJECT CHAIR.

25. At all material times, Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

26. At all material times, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiff of the hazards.

27. The above conditions were neither open nor obvious to Plaintiff, and accordingly, Defendants owed Plaintiff, the duty to warn and/or correct them.

28. As a direct and proximate result of Defendant's negligence, Plaintiff was severely and permanently injured on or about January 7, 2025.

29. As a further and direct proximate result of Defendant's negligence, Plaintiff sustained serious and permanent injuries, pain and suffering, disability,

mental anguish, inconvenience, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

## COUNT TWO

## FOR NEGLIGENT FAILURE TO INSPECT AGAINST DEFENDANT

30. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-17, and alleges as follows.

31. At all times material, Defendant owed to passengers sitting in the SUBJECT THEATER, including Plaintiff, a duty to exercise reasonable care for their health, welfare, and safety. This duty of care included the duty to inspect to ascertain dangerous conditions, which Defendant knew or should have known upon reasonable inquiry.

32. Under the General Maritime Law of the United States, Defendant owed Plaintiff a non-delegable duty to provide her safe common areas and amenities, free of hazards.

33. At all times material, Defendant, by and through its agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, was negligent, careless and breached its duty of care to the Plaintiff, by committing the following acts and/or omissions, including, but not limited to:

   a. Failing to adequately and regularly inspect the subject area including the SUBJECT CHAIR; and/or

   b. Failing to adequately and regularly inspect the SUBJECT CHAIR prior to Plaintiff's incident, to ensure it was in good condition and free of defects; and/or

   c. Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation.

34. At all material times, Defendant had custody and control of the SUBJECT THEATER and the SUBJECT CHAIR.

35. At all material times, Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

36. At all material times, Defendant negligently failed to determine the hazards to Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiff of the hazards.

37. The above conditions were neither open nor obvious to Plaintiff, and accordingly, Defendant owed Plaintiff, the duty to warn and/or correct them.

38. As a direct and proximate result of Defendant's negligence, Plaintiff was severely and permanently injured on or about January 7, 2025.

39. As a further and direct proximate result of Defendant's negligence, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, mental anguish, inconvenience, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

## COUNT THREE
## FOR GENERAL NEGLIGENCE UNDER THE GENERAL MARITIME LAW AGAINST DEFENDANT

40. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-17, and alleges as follows.

41. At all times material, Defendant owed to passengers sitting in the SUBJECT THEATER, including Plaintiff, a duty to exercise reasonable care for their health, welfare, and safety.

42. Under the General Maritime Law of the United States, Defendant owed Plaintiff a non-delegable duty to provide her safe common areas and amenities, free of hazards.

43. At all times material, Defendant, by and through its agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, was negligent, careless and breached its duty of care to the Plaintiff, by committing the following acts and/or omissions, including, but not limited to:

    a. Leaving a defect on the SUBJECT CHAIR, foreseeably used by patrons of the SUBJECT THEATER; and/or

    b. Failing to maintain the SUBJECT CHAIR; and/or

    c. Failing to keep the SUBJECT CHAIR in a reasonably safe condition; and/or

    d. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

    e. Failing to take feasible and reasonable steps to eliminate a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendants; and/or

    f. Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation.

44. At all material times, Defendant had custody and control of the SUBJECT THEATER and SUBJECT CHAIR.

45. At all material times, Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

46. At all material times, Defendant negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazards, failed to modify the hazards and failed to properly warn Plaintiff of the hazards.

47. The above conditions were neither open nor obvious to Plaintiff, and accordingly, Defendant owed Plaintiff, the duty to warn and/or correct them.

48. As a direct and proximate result of Defendant's negligence, Plaintiff was severely and permanently injured on or about January 7, 2025.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and for each of them, as follows:

1. For general and special damages according to proof;
2. For economic damages;
4. For prejudgment interest as allowed by law;
5. For costs of suit incurred herein;
6. For such other and further relief as the Court may deem proper.

NELSON & FRAENKEL, LLP

By: _s/Carlos F. Llinás Negret_
Carlos F. Llinás Negret
*Attorneys for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Date: December 11, 2025.

NELSON & FRAENKEL, LLP

By: _s/ Carlos F. Llinás Negret_
Carlos F. Llinás Negret
*Attorneys for Plaintiff*